1 | ANDRÉ BIROTTE, JR.
United States Attorney
2 | LEON W. WEIDMAN
Assistant United States Attorney
3 | Chief, Civil Division
ROBERT I. LESTER
4 | Assistant United States Attorney
California Bar No. 116429
5 | robert.lester@usdoj.gov
       Room 7516-AA Federal Building
6 |    300 North Los Angeles Street
       Los Angeles, CA  90012
7 |    Telephone: (213) 894-2464
       Fax No.:   (213) 894-5900
8
Attorneys for Plaintiff
9 | United States of America

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) | No. CV12-10005 ODW(AJWx) |
|---|---|---|
| Plaintiff, | ) | [CR 10-0229-ODW] |
| v. | ) | |
| BRUCE D. COWEN, | ) | NOTICE OF REQUEST AND REQUEST FOR SELECTION OF A UNITED STATES MAGISTRATE JUDGE TO SET A DATE FOR A JUDGMENT DEBTOR EXAMINATION IN A CRIMINAL CASE; APPLICATION FOR ORDER FOR APPEARANCE OF JUDGMENT DEBTOR; |
| Defendant. | ) | |
| | ) | DECLARATION; |
| | | [PROPOSED] ORDER. |

Plaintiff United States of America respectfully requests that a United States Magistrate Judge be selected in this matter to set a date for a judgment debtor examination in the subject criminal case. This request is based on the Application for Order for Appearance of Judgment Debtor, and a declaration of Assistant United States Attorney Robert I. Lester filed concurrently herewith.

APPLICATION FOR ORDER FOR APPEARANCE OF JUDGMENT DEBTOR

    On or about June 14, 2005, the United States District Court for the Southern District of Florida entered a Judgment and Commitment Order, amended on August 15, 2005 ("Amended Judgment") in the above case, by which Defendant and Judgment Debtor BRUCE D. COWEN ("Judgment Debtor") was ordered to pay a special assessment of $100.00 and restitution of $2,833,888.62 (plus interest). A copy of the Amended Judgment is attached hereto as Exhibit 1.[1]

    As of November 1, 2012, payments of $1,503,247.02 by the Judgment Debtor have been credited toward the satisfaction of the Amended Judgment, leaving a total debt balance now owing of $1,331,641.60 as the unpaid restitution, plus accrued interest of $467,469.23. Lester Declaration ¶ 3.

    The United States hereby applies for an order requiring the Judgment Debtor to appear <u>no earlier than February 12, 2013</u> to produce information to aid in the enforcement of the Amended Judgment, including the documents or objects on the attached

---

    [1] Jurisdiction over this case was transferred from the Southern District of Florida to this Court in 2010. <u>See</u> Exhibit 2.

1 | list, pursuant to Fed. R. Civ. P. 69 and California Code of Civil
2 | Procedure § 708.110. There has been no previous examination of
3 | the Judgment Debtor within the last four months. No bond to stay
4 | execution on appeal has been filed on behalf of the Judgment
5 | Debtor. Lester Decl. ¶ 4.

Dated: November 19, 2012.    Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

*/s/ Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**DECLARATION OF ROBERT I. LESTER**

I, ROBERT I. LESTER, Assistant United States Attorney, do hereby declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and this Court. I am an Assistant United States Attorney in the Financial Litigation Unit of the Civil Division of the Office of the United States Attorney for the Central District of California ("USAO"). I am an attorney for plaintiff United States of America. I reviewed the files pertaining to this matter which are kept in the ordinary course of business in the Financial Litigation Unit of the Civil Division of the USAO. If called as a witness I could, and would, competently testify thereto before this Court.

2. On or about June 14, 2005, the United States District Court for the Southern District of Florida entered a Judgment and Commitment Order, amended on August 15, 2005 ("Amended Judgment") in the subject criminal case, by which the Judgment Debtor BRUCE D. COWEN ("Judgment Debtor) was ordered to pay a special assessment of $100.00 and restitution of $2,833,888.62 (plus interest). A copy of the Amended Judgment is attached as Exhibit 1.[1]

3. As of November 1, 2012, payments of $1,503,247.02 by the Judgment Debtor have been credited against the Amended Judgment, leaving a total debt balance now owing of $1,331,641.60 as the unpaid restitution, plus accrued interest of $467,469.23.

///

---

[1] Jurisdiction over this case was transferred from the Southern District of Florida to this Court in 2010. See Exhibit 2.

4. There has not been an examination of the Judgment Debtor within the last four months. No bond to stay execution on appeal has been filed on behalf of the Judgment Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2012, at Los Angeles, California.

*Robert I. Lester*
ROBERT I. LESTER

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                           Page 1 of 6

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

FILED by _____ D.C.
JUL - 1 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA                    AMENDED JUDGMENT IN A CRIMINAL CASE

vs.                                         Case Number: 02-20473-CR-ALTONAGA

BRUCE D. COWEN
                                            USM Number: 54048-004

                                            Counsel For Defendant:  Carlos Negrete, Esq.
                                                                    William Aaron, Esq.
                                                                    Alan Ellis, Esq.
                                            Counsel For The United States:  Thomas Hanusik, Esq.
                                            Court Reporter:  Barbara Medina

The defendant pleaded guilty to Count(s) 1 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Wire, Mail, and Securities Fraud | December, 2001 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.

Remaining Counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
June 14, 2005

CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

July ___, 2005

EXHIBIT 1

6

DEFENDANT: BRUCE D. COWEN
CASE NUMBER: 02-20473-CR-ALTONAGA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months as to Count 1**.

The Court makes the following recommendations to the Bureau of Prisons:

The Defendant be designated to FPC Sheridan, Oregon, or in the alternative, to Lompoc.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on August 8, 2005.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                          Page 3 of 6

DEFENDANT: BRUCE D. COWEN
CASE NUMBER: 02-20473-CR-ALTONAGA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                                Page 4 of 6

DEFENDANT: BRUCE D. COWEN
CASE NUMBER: 02-20473-CR-ALTONAGA

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern, (i.e. such as being an officer in any corporation, working for any security or commodity corporation, working for any telemarketing company or mass marketing entity, or any business involved with stocks or bonds) during the period of supervision without advance approval of the Probation Office.

The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the U.S. Probation Officer.

Upon request of the appropriate regulatory agency, the defendant shall relinquish his license to said agency. The defendant is on notice that such relinquishment is permanent, and will be considered disciplinary action.

Case 2:12-cv-10005-ODW-AJW   Document 1   Filed 11/21/12   Page 10 of 15   Page ID #:10
Case 1:02-cr-20473-CMA   Document 390   Entered on FLSD Docket 07/05/2005   Page 5 of 6

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                                Page 5 of 6

DEFENDANT: BRUCE D. COWEN
CASE NUMBER: 02-20473-CR-ALTONAGA

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | 0 | **TO BE DETERMINED** |

It is further ordered that the defendant shall pay restitution.. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.

The determination of restitution is deferred until August 5, 2005. A hearing will be held, commencing at 8:30 a.m. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 6 of 6

DEFENDANT: BRUCE D. COWEN
CASE NUMBER: 02-20473-CR-ALTONAGA

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **301 N. MIAMI AVENUE, ROOM 150**
> **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK OF COURT





FILED
CLERK, U.S. DISTRICT COURT
APR - 5 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Date: April 2, 2010

United States District Court
District of California-Central

411 West Fourth Street, Room 1-053

Santa Ana, CA  92701

CR10-229-ODW

RE:     USA   v. Bruce D. Cowen
        Case No.: 02-cr-20473-CMA

Dear Sir:

Pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer/supervised releasee has been transferred to your court. In compliance with the Transfer of Jurisdiction, the following items are being forwarded herewith:

- (1) original form PROB 22 Transfer of Jurisdiction
- (1) certified copy of the Indictment/Information
- (1) certified copy of the J&C
- (1) certified copy of the docket sheet

Please acknowledge receipt of the above on the enclosed copy of this letter and return it the envelope which has been provided.

STEVEN M. LARIMORE
Clerk of Court

by: s/ _____
      Deputy Clerk

Encl.

| □400 N. Miami Avenue | □299 E. Broward Boulevard | □701 Clematis Street | □301 Simonton Street | □300 S. Sixth Street |
|---|---|---|---|---|
| Room 8N09 | Room 108 | Room 402 | Room 130 | Ft. Pierce, FL 34950 |
| Miami, FL 33128 | Ft. Lauderdale, FL 33301 | W. Palm Beach, FL 33401 | Key West, FL 33040 | 772-595-9691 |
| 305-523-5100 | 954-769-5400 | 561-803-3400 | 305-295-8100 | |

 

EXHIBIT 2

12

Case 2:12-cv-10005-ODW-AJW   Document 1   Filed 11/21/12   Page 13 of 15   Page ID #:13
Case 2:10-cr-00229-ODW   Document 3   Filed 04/05/10   Page 24 of 51   Page ID #:27
Case 1:02-cr-20473-CMA   Document 443   Entered on FLSD Docket 03/15/2010   Page 1 of 3



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| WESTERN DIVISION | | SOUTHERN DIVISION |
|---|---|---|
| 312 North Spring Street, Room G-8 | | 411 West Fourth Street, Suite 1053 |
| Los Angeles, CA 90012 | | Santa Ana, CA 92701-4516 |
| Tel: (213) 894-3535 | | (714) 338-4750 |

**TERRY NAFISI**
District Court Executive and
Clerk of Court

March 10, 2010

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Clerk, United District Court
Southern Florida
Wilkie D. Ferguson, Jr. US Courthouse
400 North Miami Avenue, Room 8
Miami, FL 33128

FILED by _____ D.C.

MAR 1 2 2010

STEVEN M. LARIMORE
CLERK U S. DIST CT
S. D. of FLA. – MIAMI

Re: Transfer of Jurisdiction of Probation

Your Case No. ___02-20473-CR-CMA___

Assigned Our Case No. ___CR 10-0229 ODW___

Case Title: ___USA VS BRUCE D COWEN___

Dear Sir/Madam:

Enclosed is the original Probation Form 22, Transfer of Jurisdiction, of the above-named probationer to this district as accepted by Judge ___Audrey B. Collins, Chief Judge___.

Please forward to this district court certified copies of the following documents:
1) Indictment, Information, or Complaint
2) Judgment and Probationary Order
3) If a Class A Misdemeanor, a copy of a signed Consent to proceed before a magistrate judge, and/or document reflecting such consent, or waiver form.

The probationer has been assigned our case number as referenced above. Please include this case number in all future correspondence.

Sincerely,

Clerk, U.S. District Court

By ___L Chai___
Deputy Clerk   213-894-____

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By_____
Deputy Clerk
Date   4/2/10

cc: Probation Office, Los Angeles
   Probation Office, District of Origin

CR-25 (09/08)   TRANSMITTAL LETTER - PROBATION TRANSFER-IN

Case 2:12-cv-10005-ODW-AJW   Document 1   Filed 11/21/12   Page 14 of 15   Page ID #:14
Case 2:10-cr-00229-ODW   Document 3   Filed 04/05/10   Page 25 of 51   Page ID #:28
Case 1:02-cr-20473-CMA   Document 443   Entered on FLSD Docket 03/15/2010   Page 3 of 3

Name & Address:

FILED
CLERK, U.S. DISTRICT COURT
MAR - 9 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| USA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CR 10-229-ODW |
| BRUCE D. COWEN DEFENDANT(S). | NOTICE OF JURISDICTION / TREATY TRANSFER-IN |

To: All Parties/Counsel of Record

The Court has approved the
☑ supervised release
☐ probation
☐ treaty
transfer-in for the case referred to above.

The matter has been randomly assigned to United States ☑ District Judge ☐ Magistrate Judge _____
OTIS D. WRIGHT                                   for all further proceedings.

Please include the criminal case number as reflected above on all documents subsequently filed in this case.

Clerk, U. S. District Court

3/9/10
Date

By: M. WARREN
Deputy Clerk

cc: U.S. Attorney's Office
U.S. Probation Office

CR-56 (10/08)          NOTICE OF JURISDICTION / TREATY TRANSFER-IN

Case 1:02-cr-20473-CMA  Document 148  Entered on FLSD Docket 03/15/2010  Page 3 of 3

| PROB 22<br>Rev. 2/88 | TRANSFER OF JURISDICTION | | DOCKET NUMBER(Tran.Ct) |
| --- | --- | --- | --- |
| | | | 02-20473-CR-CMA<br>DOCKET NUMBER(Rec.Ct) |
| **NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE**<br><br>**BRUCE D. COWEN** | FILED<br>CLERK, U.S. DISTRICT COURT<br>MAR - 9 2010<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY | **DISTRICT**<br>SD/FL, MIAMI | **DIVISION**<br>SUPERVISED RELEASE |
| | | **NAME OF SENTENCING JUDGE**<br>THE HONORABLE CECILIA M. ALTONAGA | |
| **SD/FL PACTS No. 74147** | | **DATES OF PROBATION SUPERVISED RELEASE** | **FROM** 5/04/07 / **TO** 5/03/10 |

**OFFENSE**
Conspiracy to Commit Wire, Mail and Securities Fraud, in violation of 18, U. S. Code, § 371, a Class D felony.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Central District of California, Santa Ana** upon the court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

February 22, 2010                                       Cecilia M. Altonaga
Date                                                    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

[Certified copy stamp: Steven M. Larimore, Clerk, U.S. District Court, Southern District of Florida, By Deputy Clerk]

3/8/2010                                                Audrey B. Collins
**Effective Date**        Date 4/2/10  Chief          United States District Judge